```
         UNITED STATES DISTRICT COURT FOR THE
                DISTRICT OF NEW HAMPSHIRE
```

USA

    v.                                    Criminal No. 09-cr-51-01-PB

Jamie Hrycuna


**O R D E R**


Defendant, in separate motions, seeks discovery. The government filed a consolidated objection. The requests are considered in order.

1. Defendant's Statements

    Defendant requests all oral and written statements by him. The government responded by stating that all written statements, including his Miranda waiver, have now been produced. The government has not objected to producing defendant's oral statements, although it is not clear that any exist. Moot as to written statements, granted as to oral statements.

2. Physical Evidence

    a. Government has not identified its trial physical evidence.

        In accordance with United States District Court

District of New Hampshire Local Rule 16.1(f), the government agrees to provide its exhibit list seven (7) days before trial. Moot.

      b.   <u>Disclose all physical evidence taken from 599 Union Street or from Hrycuna and Bond.</u>

The government has repeatedly agreed to permit defense counsel to examine all such physical evidence. Moot.

      c.   <u>Disclose expert related evidence.</u>

Granted with respect to all testimony the government intends to use under Federal Rules of Criminal Evidence 702, 703 and 705.

   3.   <u>Evidence Favorable to the Defendant</u>

Granted by agreement: the government will disclose all such evidence at least twenty (20) days prior to trial. LR 16.1(c).

   4.   <u>Facts Material to Proof</u>

Defendant complains that the indictment does not specify which of the 53 firearms he possessed or where in New Hampshire he possessed them. The indictment clearly alleges that he possessed each and every one of 53 weapons. With respect to location "the absence of statement of the . . . locations . . .

does not necessarily render the indictment impermissibly vague."
U.S. v. Hallock, 941 F.2d 36, 41 (1st Cir. 1991). If defendant has some argument that the lack of a more precise location will prejudice or surprise him, he should make it. "It is not the job of this . . . court to construct arguments . . . on behalf of a party." Bonnie & Company Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 726 (S.D.N.Y. 1996). Denied.

    5.    <u>Scientific Reports and Examinations</u>

The government says there is no such material. The government cannot be ordered to produce that which does not exist. Denied.

    6.    <u>Photographs, Videos and Other Images</u>

The government states that it has provided all photographs, videos and images. Denied.

    7.    <u>Names and Addresses of Witnesses</u>

The government is to comply with LR 16.1(g).

    8.    <u>Witness Statements</u>

To the extent it has not already produced witness statements, the government is ordered to comply with LR 16.1(d).

    9.    <u>Uncharged Misconduct</u>

The government has agreed to produce any such evidence

but has not said when.  It is ordered to do so seven (7) days before trial.

    10.   <u>Co-Conspirators Statements</u>

In paragraph "J" of its objection, the government objects.  This is inconsistent with its paragraph "H" claim that it has already provided the statements of Guay, Tvetan and Bond.  The paragraph "J" objection and the motion are therefore moot.

The motions (document nos. 19 and 20) are granted in part, denied in part, and moot in part.

**SO ORDERED.**

                              /s/ James R. Muirhead
                              James R. Muirhead
                              United States Magistrate Judge

Date: June 30, 2009

cc:   Douglas J. Miller, Esq.
      Terry L. Ollila, Esq.